[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 32.]

THE STATE OF OHIO, APPELLANT, *v.* WELLS, APPELLEE.

[Cite as *State v. Wells*, 2001-Ohio-3.]

*Criminal law—Sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, is present, when.*

(Nos. 00-357 and 00-415—Submitted November 15, 2000—Decided January 31, 2001).

APPEAL from and CERTIFIED by the Court of Appeals for Montgomery County, No. 17501.

_____

MOYER, C.J.

{¶ 1} On April 14, 1998, M. found the defendant, Thomas Randall Wells, who was renting a room from M., crouched over her seven-year-old son, C. After Wells realized that M. was present, he immediately jumped up and left for work. When M. talked with her son after Wells left, C. indicated that Wells had been molesting him for months.

{¶ 2} On April 23, 1998, Wells was indicted on one count of attempted rape pursuant to R.C. 2907.02(A)(1)(b) and 2923.02(A) and two counts of rape pursuant to R.C. 2907.02(A)(1)(b). The bill of particulars revealed that one of the two rape counts involved oral sex and the other involved anal sex. At trial C. testified that, among other things, Wells attempted to insert his penis into C.'s anus but was unable to. C. further testified that Wells did touch his buttocks with his penis. At his first trial, the trial court entered a judgment of acquittal on Count One (attempted rape), and the jury deadlocked and was unable to reach a verdict as to the remaining counts. Following his second trial, Wells was convicted of both the oral and anal rape of C.

**{¶ 3}** On appeal, the Second District Court of Appeals reversed the conviction for anal rape, finding that the state failed to prove penetration into C.'s anal cavity, and remanded for a finding of guilt for the crime of attempted anal rape. The court of appeals concluded that without evidence to show that the defendant's penis penetrated the victim's anus, the defendant could be found guilty only of the crime of attempted anal rape. The court of appeals certified its judgment to be in conflict with a judgment of the First District Court of Appeals. The issue certified by the court of appeals is as follows: "Bearing in mind that 'penetration, however slight, is sufficient to complete anal intercourse' – R.C. 2907.01(A) – is there sufficient evidence of anal intercourse where the evidence shows at most that the defendant's penis was inserted between the victim's buttocks, and the evidence fails to show that the defendant's penis actually penetrated the victim's anus itself?"

**{¶ 4}** The cause is now before this court upon our determination that a conflict exists, and also upon the allowance of a discretionary appeal.

**{¶ 5}** The issue we are asked to decide requires an interpretation of R.C. 2907.01(A), which states that "[p]enetration, however slight, is sufficient to complete * * * anal intercourse." The specific question presented is whether there is sufficient evidence of anal intercourse where the evidence shows, at the most, that the defendant's penis was inserted between the victim's buttocks, and the evidence fails to show that the defendant's penis penetrated the victim's anus itself. For the following reasons, we affirm the judgment of the court of appeals.

**{¶ 6}** The Ohio rape statute provides:

"No person shall engage in sexual conduct with another * * * when any of the following applies:

" * * *

"The other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.02(A)(1)(b).

2

{¶ 7} The term "sexual conduct" is defined as "vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal cavity of another." R.C. 2907.01(A). The question before us asks what the General Assembly intended through its use of the phrase "anal cavity."

{¶ 8} In cases of statutory construction, the words used in a statute will be accorded their common, everyday meaning unless a contrary intent is expressed. R.C. 1.42; *Lake Cty. Natl. Bank of Painesville v. Kosydar* (1973), 36 Ohio St.2d 189, 191, 65 O.O.2d 404, 406, 305 N.E.2d 799, 801. To determine the common, everyday meaning of a word, we have consistently used dictionary definitions. See *Ritchey Produce Co., Inc. v. Ohio Dept. of Adm. Serv.* (1999), 85 Ohio St.3d 194, 272-273, 707 N.E.2d 871, 926-927. When we look both to dictionary definitions and other provisions within R.C. Chapter 2907, it is evident that the General Assembly did not intend for contact with the buttocks alone to be sufficient to complete the act of anal rape.

{¶ 9} R.C. 2907.01(A) addresses insertion of any part of the body into the anal cavity of another. The common, everyday meaning of "cavity" is "a natural hollow place *within* the body." (Emphasis added.) Webster's New World Dictionary (3 Ed.1991) 224. It would necessarily follow, therefore, that the term "anal cavity" makes reference to the lower portion of the alimentary canal and not the buttocks, which are not "within the body." Further, the term "intercourse" is defined as "the sexual joining of two individuals." Webster's New World Dictionary (3 Ed.1991) 703. When the phrases "anal intercourse" and "anal cavity" in R.C. 2907.01(A) are read together (*i.e.*, a sexual joining with the anal cavity), it is apparent that penetration into the anal cavity occurs when some part of the body or any other item is inserted into the anus.

**{¶ 10}** Apart from dictionary definitions, we are also able to discern the intent of the General Assembly from other provisions of R.C. Chapter 2907. The gross sexual imposition statute states:

"No person shall have sexual contact with another * * * when any of the following applies:

" * * *

"The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." R.C. 2907.05(A)(4).

**{¶ 11}** "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, [or] *buttock* * * * for the purpose of sexually arousing or gratifying either person." (Emphasis added.) R.C. 2907.01(B). The General Assembly has already, therefore, made provision for an instance where an offender makes contact only with the buttocks.

**{¶ 12}** In general, statutes will be construed to avoid unreasonable or absurd consequences. *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634. Moreover, we are constrained by R.C. 2901.04(A) to liberally construe the statute in favor of the accused. To define the phrase "anal cavity" to include the buttocks would be to subject an offender committing only one criminal act to prosecution under two different criminal provisions, one a first-degree felony, see R.C. 2907.02(B), and the other a third-degree felony, see R.C. 2907.05(B). It is doubtful that the General Assembly could have intended such an unreasonable consequence.

**{¶ 13}** Based on all of the foregoing, we hold that there is sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with any part of the defendant's body, or with any instrument, apparatus, or other object. If the evidence shows that the defendant

made contact only with the victim's buttocks, there is not sufficient evidence to prove the defendant guilty of the crime of anal rape. As a corollary, where the evidence shows that the defendant attempts to penetrate the victim's anus, and, for whatever reason, fails to do so and makes contact only with the buttocks, there is sufficient evidence to prove the defendant guilty of the crime of attempted anal rape. The decision of the court of appeals, reversing the defendant's conviction for anal rape and remanding the cause to the trial court for a finding of guilt on the crime of attempted anal rape, is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Mathias H. Heck*, *Jr.*, Montgomery County Prosecuting Attorney, and *Todd T. Duwel*, Assistant Prosecuting Attorney, for appellant.

*L. Patrick Mulligan & Associates, L.P.A.., L. Patrick Mulligan* and *Jay A. Adams,* for appellee.

_____