OPINION
This timely appeal arises from a Columbiana County Court of Common Pleas jury verdict finding Appellant, Carl E. George, guilty of rape of a child under the age of thirteen with a force specification. For the following reasons, we affirm the judgment of the trial court.
On May 19, 1998, the East Liverpool Police Department responded to a call from 905 West Eight Street, Apartment 5, in East Liverpool, Ohio. The call was made by Melissa Lasure, who believed that Appellant, her live-in boyfriend, had molested her fifteen-month-old son.
At the scene, Ms. Lasure pointed out Appellant to police and Appellant identified himself as "John Stacy." (Tr. p. 127). Police read Appellant the Miranda warnings and took him into custody. (Tr. pp. 127-128).
Detective Donald Fickes interviewed Appellant at the East Liverpool Police Department, where Appellant stated, "* * * I took these two fingers and stuck them up his [the victim's] butt." (Tr. p. 145). Approximately one hour after the audio-taped interview, Appellant admitted that his name was not "John Stacy," but Carl George. (Tr. p. 160).
On June 30, 1998, the Columbiana County Grand Jury indicted Appellant for rape of a person less than thirteen years of age in violation of R.C. § 2907.02(A)(1)(b) with a force specification. Pursuant to Appellant's motion for a competency determination, on December 18, 1998, the trial court found Appellant competent to stand trial. On March 9, 1999, Appellant filed a motion to suppress the audio-taped statement to police. The trial court overruled that motion in a journal entry dated March 15, 1999.
A one day jury trial commenced on that date. Evidence included testimony from six witnesses, including Appellant, photographs, medical records, the audio taped interview and a letter from Appellant to the victim's mother. Appellant moved for acquittal at the close of both the State's evidence and his presentation. The trial court denied both motions. The jury returned a guilty verdict on the rape charge and the force specification.
On March 16, 1999, the trial court filed a judgment entry sentencing Appellant to a term of life imprisonment pursuant to R.C. §2907.02(B). The trial court also designated Appellant as a sexually oriented offender pursuant to R.C. Chapter 2950. On April 12, 1999, Appellant filed his notice of appeal.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTIONS FOR A DIRECTED VERDICT OF ACQUITTAL. (T.p. 163, 189)."
Appellant argues that his statement that he inserted his fingers into the anus of the victim does not legally prove "sexual conduct" as defined by Ohio law. Appellant asserts that he acted out of momentary anger, not a desire to sexually abuse the child. Appellant maintains that striking the buttocks or even attempting to insert fingers into the anal cavity and failing to do so at most equates to gross sexual imposition or attempted rape. Appellant also states that the evidence presented at trial does not prove that penetration occurred. Appellant asserts that photographs admitted at trial show only bruising and cuts on the exterior of the victim's anal region. Moreover, Appellant asserts that Dr. Yanes was called on behalf of the State, expressed that the victim's injuries "could" have been caused by, "a large object trying to force entry through the anal canal." (Tr. p. 107). Appellant states that this may demonstrate an attempt but does not prove penetration. Based on the record in this matter, Appellant's assignment of error is without merit.
According to Crim.R. 29(A):
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
In determining whether the trial court improperly rejected a Crim.R. 29 motion for acquittal, the, "* * * relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. § 2907.02 provides in relevant part:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
"* * *
 "(B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."
Under R.C. § 2907.01(B), sexual conduct includes:
 "* * * the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another."
According to R.C. § 2901.01(A)(1):
 "`Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
At trial, the victim's mother testified that her son was born on February 25, 1997, and that the relevant events occurred on May 19, 1998. (Tr. pp. 115-116). Officer Fred Flati testified that at the scene he asked Appellant, "Did you place your fingers in the baby?" and Appellant responded, "Yeah." (Tr. P. 134). In his audio-taped interview with police, Appellant stated, "I took these two fingers and stuck them up his butt." (Tr. P. 145). In a letter he wrote to the victim's mother Appellant wrote, "I snapped and that is when I stuck my finger in his butt." (State's Exhibit #5). Dr. Marwan Yanes, who examined the victim on the night of the incident, testified that the victim's injury could be sustained by, "a large object trying to force entry through the anal canal." (Tr. P. 107). When asked whether there would be some entry into the anal canal to cause this type of injury Dr. Yanes answered, "I believe so." (Tr. P. 107-108). Considering this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Appellant inserted his fingers into the anal cavity of his victim who was less than thirteen years of age. We should note that the Ohio Supreme Court recently considered the legislature's intent in using the phrase, "anal cavity" in R.C. §2907.01. State v. Wells (2001), 91 Ohio St.3d 32. The court held that, "* * * there is sufficient evidence of anal intercourse, for the purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with any part of the defendant's body, or with any instrument, apparatus, or other object."
Id., 35. The evidence in the present case certainly is consistent with the Ohio Supreme Court's recent declaration, especially considering Appellant's admission that he put his fingers, "in the baby." (Tr. P. 134).
Evidence also supports the force specification. Ms. Lasure testified that she heard a "piercing" scream from her son and that she ran upstairs to where her son and Appellant were. (Tr. P. 117). She saw her son on his stomach in a fetal position with Appellant holding him by the back of his neck. (Tr. p. 117). As she walked closer, she discovered that the victim's diaper was off and there was blood on the sheets. (Tr. P. 117-119). Considering this evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Appellant compelled his victim to submit by force.
As the jury in the present case could have found the essential elements of the crime, including the force specification, beyond a reasonable doubt, the trial court correctly overruled Appellant's motions for acquittal. Accordingly, we affirm the judgment of the trial court.
Vukovich, P.J., concurs, Donofrio, J., concurs.
 ___________ WAITE, J.