OPINION
Defendant, David Lucas, appeals from his conviction and sentence for rape and gross sexual imposition involving a child less than thirteen years of age.
Lucas was charged by indictment with sex offenses involving two children. He was charged with three counts of forcible rape of J.W., a child of less than thirteen years of age. He was also charged with three counts of gross sexual imposition involving J.W. Concerning the other child M.W., who was also under age thirteen, Lucas was charged with one count of gross sexual imposition.
Lucas was acquitted of the charge involving M.W. Lucas was convicted of all three gross sexual imposition charges involving J.W. He was convicted of a fourth gross sexual imposition offense as a lesser included offense of one of the three rape charges involving J.W. With respect to the remaining two rape charges involving that same victim, Lucas was convicted of one count of forcible rape and one count of rape not involving the use of force.
On the conviction for rape not involving use of force, the trial court sentenced Lucas to ten years imprisonment. On the conviction for rape involving the use of force, the trial court imposed a life sentence upon Lucas, to be served consecutive to the other rape charge. The trial court also sentenced Lucas to four years imprisonment on each of the four convictions for gross sexual imposition, those sentences to run consecutive to each other but concurrent with the rape charges. In addition, the trial court designated Lucas a sexual predator.
From his conviction and sentence Lucas has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE CONVICTION SHOULD BE REVERSED BECAUSE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At the close of the State's case Lucas moved for a directed verdict of acquittal pursuant to Crim.R. 29 as to the second and third counts of rape. Lucas argued that because the evidence presented by the Stated failed to demonstrate penetration, it was insufficient to prove sexual conduct and hence sustain his conviction for rape. The trial court overruled the motion for acquittal, but deleted the element of "force" from the first count of rape. At the close of all the evidence Lucas renewed his Crim.R. 29 motion for acquittal on the second and third counts of rape, again arguing that the State had failed to prove penetration. Once again, the trial court overruled that motion for acquittal.
During closing argument the primary issue addressed by both parties related to the rape charges and whether the evidence presented was sufficient to demonstrate that penetration had occurred. Lucas argued that, with respect to the second and third counts of rape, no testimony had been presented establishing penetration. The prosecutor argued that it was clear from the victim's testimony that on two different occasions Lucas had rubbed his penis back and forth across the victim's vaginal area. The prosecutor speculated that because the tissue in that area is very soft, the conduct of Lucas in rubbing his penis across that area would cause the outer lips of the child's vagina, the labia, to spread open slightly, resulting in slight penetration sufficient to sustain a conviction for rape.
Although Defendant has phrased his first assignment of error as a challenge to the manifest weight, of the evidence supporting his rape conviction, it is apparent that the real issue is whether the evidence presented by the State was legally sufficient to prove penetration, and thus sustain Lucas' conviction on the second count of rape, which resulted in a sentence of life imprisonment pursuant to R.C. 2907.02(B).
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259 :
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Lucas was convicted of violating R.C. 2907.02(A)(1)(b), which provides:
 No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Sexual conduct is defined in R.C. 2907.01(A):
 "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
A conviction for rape requires positive evidence, either direct or circumstantial, that sexual conduct of the type alleged in the indictment occurred on or about the time and place specified. Sexual conduct, as defined, involves penetration of the vaginal or anal cavity of another. In State v. Wells (2001), 91 Ohio St.3d 32, the Supreme Court, affirming a decision of this court, stated:
 ". . . we hold that there is sufficient evidence of anal intercourse, for purposes of the crime of anal rape under R.C. 2907.02, where the trier of fact finds that the defendant penetrated, however slightly, the victim's anus with part of the defendant's body, or with any instrument, apparatus, or other object. If the evidence shows that the defendant made contact only with the victim's buttocks, there is not sufficient evidence to prove the defendant guilty of the crime of anal rape. As a corollary, where the evidence shows that the defendant attempts to penetrate the victim's anus, and, for whatever reason, fails to do so and makes contact only with the buttocks, there is sufficient evidence to prove the defendant guilty of the crime of attempted anal rape. The decision of the court of appeals, reversing the defendant's conviction for anal rape and remanding the cause to the trial court for a finding of guilt on the crime of attempted anal rape, is affirmed."
Id., at p. 35.
The rationale of Wells likewise applies to charges of vaginal rape of which the Defendant was convicted. There must be some evidence, direct or circumstantial, that the accused penetrated, however slightly, the victim's vagina with an object. It is sufficient if the evidence shows that the force of the object caused the outer lips of the victim's vagina, the labia, to spread. The evidence is insufficient to prove sexual conduct and vaginal rape as a result if the evidence shows only that the defendant made contact with the labia and no spreading occurred. However, such contact may be sufficient to prove attempted vaginal rape., Defendant was convicted of two counts of rape. With respect to the first count of rape, the count in which the trial court dismissed the element of "force," the victim, J.W., testified that she had fallen asleep on the couch and awoke when Lucas stuck his finger inside her vagina. This testimony, if believed, is clearly sufficient to establish penetration and sustain Lucas' conviction on rape on this count.
With respect to the second count of rape of which Lucas was convicted, which resulted in a sentence of life imprisonment, J.W. described that incident at trial as follows:
Q. Oh. So now, how are you on the bed now?
A. My stomach on the bed.
Q. You're laying on your stomach?
A. Yes.
Q. Oh, okay. And where is he?
A. On top of me.
Q. All right. Now, are your pants still up?
A. No.
Q. What happened?
A. They're pulled down.
Q. Who did that?
A. Lamont.
Q. What about his pants?
A. They're pulled down.
 Q. When you were laying on your stomach, can you tell me how your legs were?
A. Open.
Q. Who did that?
A. I did.
 Q. And how did you do that? Did he ask you to do that?
A. Yes.
Q. Okay. Was your bottom up in the air?
A. No.
Q. Was laying on the bed?
A. Yes.
Q. Okay. And was he doing anything with his hands?
A. No.
Q. What was the next thing that you felt?
A. His private part.
Q. Where did you feel it?
A. In between my legs.
Q. Where was it touching?
A. My bottom and my private.
Q. One after the other?
A. Yes.
Q. Okay. What was he doing with his private part?
A. Rubbing against mines.
Q. Did he try to push it?
A. No.
 Q. Okay. Did you feel anything else while he was doing that, anything weird?
A. Yes.
Q. What?
A. The yucky stuff.
Q. Where did you feel it?
A. On my bottom and my private.
Q. What did it feel like.
A. Egg yolk.
 Q. Egg yolk. Did he stop after the yucky stuff came out?
A. Yes.
(T. 150-153).
In order to sustain a conviction for rape, the evidence must preponderate, beyond a reasonable doubt, that penetration took place. The testimony of J.W. does not rise to that level. Neither does the testimony of the State's other witness on the penetration issue, Dr. Hicks, satisfy that standard in proving that penetration occurred during the second rape incident.
Dr. Hicks testified that when he examined J.W., which the evidence shows was some three months after this second rape incident occurred, he observed abnormalities in J.W.'s hymen consistent with penetration by either a finger, penis, or other object. However, Dr. Hicks did not connect the injury he observed to conduct involving a penis as opposed to digital penetration. J.W.'s own testimony established that the first rape incident involved digital penetration of her vagina, and Dr. Hicks' opinion is consistent with the event J.W. described. It could also be consistent with penetration in the second incident, if it occurred. But, J.W.'s testimony simply doesn't demonstrate, or even suggest, that it did. Dr. Hicks' testimony is too equivocal to carry the State's burden of proof.
The evidence presented by the State regarding the second count of rape was legally insufficient to prove penetration, and that sexual conduct occurred, which is required for a rape conviction. State v. Wells, supra. The trial court erred when it denied Defendant's motion for a judgment of acquittal as to the second count of rape. The prosecutor's closing argument invited the jury to speculate that penetration might have occurred, and the jury apparently did.
R.C. 2923.02(A) states:
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
An attempt is itself a criminal offense, though a lesser included offense of the principal crime. Proof of an attempt requires evidence of "an act or omission constituting a substantial step in a course of conduct planned to culminate in (the) commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose." State v. Woods (1976), 48 Ohio St.2d 127,132, death penalty vacated by 438 U.S. 910, 98 S.Ct. 3133,57 L.Ed.2d 1153 (1978).
While the evidence is insufficient to prove the offense of rape that was charged, it is sufficient to prove an attempt to commit that offense, in violation of R.C. 2923.02(A). Per division (E) of that section, "[a]n attempt to commit . . . an offense for which the maximum penalty is imprisonment for life is a felony of the first degree." A forcible rape of a person less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b), with which Defendant was charged and of which he was convicted, requires a mandatory life sentence. The trial court imposed that sentence. Therefore, and consistent with State v. Wells, supra, we will reverse and vacate the conviction and sentence imposed for rape on count two, and remand the cause to the trial court with instructions to enter a judgment of conviction for attempted rape on that count, and to sentence Defendant according to law.
The assignment of error is sustained. The sentence imposed for Defendant's conviction for forcible rape entered on count two will be reversed.
 SECOND ASSIGNMENT OF ERROR THE ASSITANTS (SIC) OF DEFENDANT-APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE.
In order to demonstrate that he did not receive effective assistance from his counsel at trial, Defendant must meet the two prong test in Strickland v. Washington (1984), 466 U.S. 688. First, Defendant must show that his counsel's performance fell below an objective standard of reasonable representation; in other words, that there was a substantial violation of counsel's essential duties to his client. Strickland, supra; State v. Lytle (1976), 48 Ohio St.2d 291. Next, Defendant must demonstrate prejudice, by showing a reasonable probability that but for counsel's violation of his duties, the outcome of the trial would have been different. Strickland, supra; State v. Bradley (1989),42 Ohio St.3d 136. Judicial scrutiny of counsel's performance must be highly deferential. The court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
Lucas argues that his trial counsel performed in a deficient manner by forcing him to testify at trial against his will. Lucas concedes that this claim is based upon evidence dehors this record. Under those circumstances when a defendant makes claims requiring consideration of facts not in the record, the appropriate procedural vehicle to litigate those claims is a petition for post-conviction relief pursuant to R.C.2953.21, as opposed to direct appeal. State v. Cooperrider (1983),4 Ohio St.3d 226.
Lucas additionally argues that his trial counsel performed deficiently by failing to secure the testimony of F.W. as a witness for the defense. The failure to call any witness to testify on defendant's behalf at trial does not constitute deficient performance unless that testimony would have assisted the defense. State v. Williams (1991), 74 Ohio App.3d 686.
Although defense counsel did not include F.W's name on his witness list, counsel apparently was considering during the trial whether to call F.W. as a defense witness. Counsel's efforts to locate F.W. during the defense portion of the trial proved unsuccessful, and counsel rested the defense case without any testimony by F.W. An examination of the trial record discloses, however, that defense counsel had not made any determination whether F.W.'s testimony would be helpful to the defense. Moreover, there is no evidence in this record suggesting what F.W. would have testified to if called as a witness at trial, much less how that testimony would have assisted the defense. Deficient performance by defense counsel in not presenting F.W.'s testimony has not been demonstrated.
The second assignment of error is overruled.
 Conclusion
Having sustained the first assignment of error, we will vacate Defendant's life sentence for forcible rape and remand for resentencing on that offense as a first degree felony.
WOLFF, P.J. and FAIN, J., concur.