JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's decision to retry defendant-appellee Ryan Hlavsa's rape convictions. We find no merit to the appeal and affirm.
 {¶ 2} Hlavsa was indicted in a twenty-one count indictment arising from the sexual abuse of his children. The indictment charged him with six counts of raping his six-year-old son, six counts of raping his four-year-old daughter, two counts of raping his one-year-old daughter, one count of gross sexual imposition involving his four-year-old daughter, and six counts of child endangering. The indictments did not specify what sexual act constituted each rape charge but merely set forth a range of dates and the name of each victim.
 {¶ 3} A jury found Hlavsa guilty of all counts except for one count of raping the six-year-old son, one count of raping the four-year-old daughter, and the two counts of raping the one-year-old daughter. The trial court sentenced him to ten concurrent life terms for the rape charges, a consecutive term of three years to life on the gross sexual imposition charge, and concurrent two-year terms on the charges of endangering children.
 {¶ 4} In his first appeal to this court, Hlavsa argued that the trial court erred in instructing the jury that the crime of anal rape only requires "penetration of the buttocks." This court found the trial court did not err in instructing the jury on this point and affirmed the convictions. State v. Hlavsa (May 18, 2000), Cuyahoga App. No. 76221. However, the Ohio Supreme Court reversed based on its decision in Statev. Wells (2001), 91 Ohio St.3d 32. In State v. Wells, the Court held that contact with the victim's buttocks did not constitute sufficient evidence to prove the defendant guilty of anal rape. In order to prove anal rape, penetration of the anus was necessary. The Ohio Supreme Court ordered: "The judgment of the court of appeals relating to the counts of anal rape is reversed, and the cause is remanded for a new trial on those counts pursuant to the decision and opinion in State v. Wells (2001),91 Ohio St.3d 32." State v. Hlavsa (2001), 91 Ohio St.3d 131.
 {¶ 5} Upon remand, both Hlavsa and the State filed briefs regarding the decision of the Ohio Supreme Court. Hlavsa argued that since the trial court's erroneous jury instruction was given in conjunction with all the rape counts, which did not specify the sexual act constituting each rape count, it was impossible to determine which counts were affected by the error and which counts were not. The State argued that to retry all the rape counts would exceed the scope of the remand.
 {¶ 6} The trial court, in a six-page opinion, found that because the indictments regarding the rape counts did not specifically plead the sexual acts, it was impossible to determine which counts related to the charges of anal rape and concluded that "it cannot read the mind of a jury that convicted Hlavsa three years ago." The trial court, therefore, ordered that all of the rape convictions be retried.
 {¶ 7} In its sole assignment of error, the State argues that the trial court's decision to retry all of the rape charges was in contravention of the remand and that overwhelming evidence was presented supporting convictions for other types of rape besides anal rape.
 {¶ 8} Although a review of the record clearly indicates that compelling evidence of other types of rape was presented, we agree with the trial court that it is impossible to determine which counts in the indictment apply to anal rape. Both of the older children testified that they were anally raped and that Hlavsa also forced them to perform oral sex. The daughter also testified to Hlavsa vaginally raping her. The trial court's instruction for the rape counts constituted one instruction regarding the definition applicable to the various forms of rape, including the erroneous definition of anal rape. We agree with the trial court that under these circumstances, it would be mere speculation to determine which counts the jury found to constitute anal rape, if any at all.[1]
 {¶ 9} Therefore, based on the unfortunate lack of specificity in the indictments, the only means for the trial court to comply with the Ohio Supreme Court's remand is to retry all of the rape convictions. To do otherwise and speculate on which counts constituted anal rape would invade the province of the jury.
 {¶ 10} The State's sole assignment of error is overruled.
 {¶ 11} Judgment is affirmed.
 {¶ 12} It is ordered that appellee recover of appellant his costs herein taxed.
 {¶ 13} The court finds there were reasonable grounds for this appeal.
 {¶ 14} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
 {¶ 15} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and PATRICIA ANN BLACKMON, J. CONCUR
 KEYWORDS SUMMARY
Jury Instruction; New Trial; Indictment
[1] Counsel for the State conceded during oral argument that she did not know how many counts relate to anal rape.