OPINION
{¶ 1} Defendant, Jose Grant, appeals from his conviction and sentence for rape, gross sexual imposition, and sexual imposition.
{¶ 2} Defendant was employed as a swimming instructor at the YMCA at 4415 Dayton-Liberty Road, Dayton. This case involves Defendant's sexual assault of three young girls who took swimming lessons from Defendant.
{¶ 3} Sometime during March or April 2001, while T.M. was taking a swimming lesson from Defendant, he approached her from behind in the deep end of the pool and pulled her bathing suit to one side. T.M. felt Defendant's penis touch her buttocks, and his penis then move in and out between the cheeks of her buttocks. Defendant then went underwater and, with T.M.'s bathing suit still pulled aside, he blew air bubbles on T.M.'s vagina. T.M. felt Defendant's beard touch her skin during this incident.
{¶ 4} Defendant next attempted vaginal intercourse with T.M. but could penetrate only the lips of T.M.'s vagina, moving his penis in and out. Defendant then placed T.M.'s hand on his penis and forced her to move her hand back and forth while he touched T.M.'s vagina with his hand
{¶ 5} During the summer of 2000, while J.P. was in the pool at the YMCA with Defendant, he pulled down J.P.'s swim suit bottoms and she felt his penis touch her buttocks. One year later, during the summer of 2001, J.P. went to Defendant's home to help him with yard work. After finishing the work, J.P. took a shower. When she emerged from the shower Defendant asked J.P. if she wanted a massage. When she agreed, Defendant asked J.P. to take off her underwear, and during the massage he touched her vagina.
{¶ 6} Sometime during June 2000, while Defendant was instructing T.K. at the YMCA, he put his hand underneath her bathing suit three times. The first time, Defendant's hand was near T.K.'s vagina. The second time, his finger was on the lips of her vagina. The third time, according to T.K., Defendant "put his finger in it . . . inside the lips of her vagina." T.K. testified that Defendant inserted his index finger one-half inch between the lips of her vagina.
{¶ 7} Defendant was charged with multiple sexual offenses as a result of these events. With respect to T.M., Defendant was charged with two counts of Attempted Rape, R.C. 2923.02(A), R.C. 2907.02(A)(1)(b), and three counts of Gross Sexual Imposition, R.C. 2907.05(A)(4). With respect to J.P., Defendant was charged with one count of Gross Sexual Imposition, R.C. 2907.05(A)(4), and one count of Sexual Imposition, R.C.2907.06(A)(4). With respect to T.K., Defendant was charged with one count of rape, R.C. 2907.02(A)(1)(b).
{¶ 8} Following a jury trial Defendant was found not guilty of the two counts of Attempted Rape involving T.M. but guilty of all other charges. The trial court sentenced Defendant to consecutive terms of imprisonment totaling thirty years, and classified Defendant a sexual predator.
{¶ 9} Defendant has timely appealed to this court from his conviction and sentence.
First assignment of error
{¶ 10} "The Trial Court erred by simply answering `Yes' to the jury question `does insertion between the lips of the Vagina Constitute insertion into the Vaginal Cavity by law."
{¶ 11} Defendant was charged with Rape of T.K. in violation of R.C. 2907.02(A)(1)(b), which provides:
{¶ 12} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
{¶ 13} "* * *
{¶ 14} "The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
{¶ 15} The trial court instructed the jury on this offense, and on the lesser included offense of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), which provides:
{¶ 16} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
{¶ 17} "* * *
{¶ 18} "The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
{¶ 19} The primary difference between rape and gross sexual imposition is that the former involves "sexual conduct" whereas the latter involves only "sexual contact." These terms are defined in R.C.2907.01:
{¶ 20} "(A) `Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
{¶ 21} "(B) `Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
{¶ 22} During deliberations the jury submitted a question to the trial court asking "whether insertion between the lips of the vagina constitutes insertion of the vaginal cavity by law?" The trial court noted that this question pertained to the rape charge involving T.K. and the related definition of sexual conduct. After some research and an extended discussion with the parties, the trial court, over Defendant's objection, answered the jury's question with a simple "yes."
{¶ 23} The trial court's response is consistent with the holding of this court in State v. Lucas (Sept. 21, 2001), Montgomery App. No. 18644. Defendant asks us to revisit our holding in Lucas, arguing that it is inconsistent with the Supreme Court's holding in State v. Wells,91 Ohio St.3d 32, 2001-Ohio-3.
{¶ 24} Wells involved a charge of anal rape. The evidence showed that the defendant's penis had entered the crevice between the victim's buttocks but had not penetrated into the victim's anus. This court reversed the defendant's rape conviction and remanded the case to enter a conviction for attempted anal rape. The Supreme Court affirmed, holding that "the term `anal cavity' makes reference to the lower portion of the alimentary canal and not the buttocks, which are not `within the body' . . ." Id. at p. 34. The court also noted that "penetration into the anal cavity occurs when some part of the body or any other item is inserted into the anus." Id.
{¶ 25} Lucas involved a change of vaginal rape. The evidence showed that the defendant had rubbed his penis across the victim's vaginal area. We held that, as in Wells, the evidence was insufficient to show penetration, and that in order to prove vaginal rape there must be evidence that the force of the object caused the labia, which form the outer lips of the victim's vagina, to spread. Id. Absent that, and depending on the circumstances, only attempted vaginal rape is shown.
{¶ 26} We find no inconsistency between our holding in Lucas and the rule of Wells. Defendant-Appellant contends that one exists with respect to the extent of penetration. He points out that a more extensive penetration of the victim's buttocks was held insufficient for anal rape in Wells, while in Lucas we held that a far less significant penetration of the outer lips of the victim's vagina was sufficient for vaginal rape. Defendant-Appellant also contends that our holding in Lucas is inconsistent with the notion of penetration of a bodily "cavity," which for purposes of the Rape statute comprehends a hollow space within the victim's body. Wells.
{¶ 27} Rape, both vaginal and anal, requires intercourse involving penetration of a particular bodily cavity. A "cavity" is a hollow space within a mass. Webster's Third International Dictionary. Intercourse occurs with penetration of the cavity, "however slight" that penetration may be. R.C. 2907.01(A). Evidence of penetration differs for these purposes, however, because there is a significant anatomical difference between those particular bodily cavities.
{¶ 28} Anal rape requires penetration of the anal cavity. The anus is the sphincteral muscle in the structure at the base of the alimentary canal called the rectum, which lies below the buttocks. The anal cavity is a hollow that lies within the anus. Penetration of the anal cavity requires entry through the anus. The "however slight" standard in R.C.2907.01(A) permits a finding that anal intercourse has occurred when there is evidence of some forceful spreading of the anus by the object concerned. A spreading of only the buttocks, which forms no part of the anal cavity, is therefore insufficient for anal rape. Wells. However, depending on all the circumstances, it may constitute attempted anal rape. Id.
{¶ 29} The vagina is the hollow passage leading from the uterus of the female body outward to the exterior genitalia, or vulva, which is comprised of lip-like folds of skin called the labia majora.[1] The term "vaginal cavity" refers to that entire anatomical process and any part of it.
{¶ 30} Penetration of the vaginal cavity requires introduction of an object from without, which necessarily implies some forceful spreading of the labia majora. The penetration need only be "slight." R.C.2907.01(A). Therefore, if the object is introduced with sufficient force to cause the labia majora to spread, penetration has occurred.
{¶ 31} T.K. testified that Defendant put his hand underneath her bathing suit three times. The first time Defendant's finger was near her vagina, which is not a form of "sexual conduct" defined by R.C. 2907.01(A), and is therefore insufficient for Rape. The second time Defendant's finger was on T.K.'s vagina, which is likewise insufficient to show penetration. The third time, according to T.K., Defendant put his finger "in it." T.K. explained that Defendant's index finger was one-half inch inside the lips of her vagina.
{¶ 32} T.K.'s testimony, if believed, is sufficient to permit the jury reasonably to infer that Defendant's conduct in inserting his finger one-half inch between T.K.'s external labia necessarily caused the labia majora to spread. That evidence is legally sufficient to establish vaginal penetration, and sexual conduct sufficient to support Defendant's conviction for Rape. Lucas, supra. The trial court's response to the jury's question was a correct statement of law that was consistent with and properly supplemented the court's jury instruction on sexual conduct. We see no error on the part of the trial court.
{¶ 33} The first assignment of error is overruled.
Second assignment of error
{¶ 34} "The trial court erred by not granting defendant's motion for an acquittal as to the one count of rape since the State failed to present sufficient evidence of penetration into the Vaginal Cavity."
{¶ 35} When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261. The motion will be granted only when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. State v. Miles (1996), 114 Ohio App.3d 738.
{¶ 36} A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
{¶ 37} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
{¶ 38} Defendant argues that the State failed to present sufficient evidence of sexual conduct to sustain his conviction for rape. Specifically, Defendant claims that the evidence is insufficient to prove that he penetrated, even slightly, T.K.'s vaginal cavity. We addressed this contention in the previous assignment of error. In overruling that claim, we noted that the evidence is legally sufficient to establish vaginal penetration if it shows that the force of the object caused the victim's labia or outer lips of the vagina to spread. Lucas, supra.
{¶ 39} The testimony of the victim, T.K., that Defendant inserted his index finger one-half inch between the lips of her vagina is sufficient to permit a reasonable inference by the jury that Defendant's conduct caused the victim's labia to spread. Accordingly, that evidence is sufficient as a matter of law to establish vaginal penetration and to support Defendant's conviction for rape. Viewing the evidence, particularly T.K.'s testimony, in a light most favorable to the State, a rational trier of facts could find all of the essential elements of rape, including vaginal penetration, beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
{¶ 40} The second assignment of error is overruled.
Third assignment of error
{¶ 41} "The Trial Court erred by not acquitting defendant of the rape charge since it is against the manifest weight of the evidence."
{¶ 42} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. State v.Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v.Martin (1983), 20 Ohio App.3d 172, 175:
{¶ 43} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
{¶ 44} In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, this court stated:
{¶ 45} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
{¶ 46} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
{¶ 47} Defendant argues that his conviction for raping T.K. is against the manifest weight of the evidence because the evidence fails to establish that he penetrated T.K.'s vaginal cavity. In overruling Defendant's previous assignments of error we concluded that the State's evidence, if believed, is sufficient to prove vaginal penetration. Defendant argues however that the victim, T.K., should not be believed because she explained the incident differently each time, and because a defense witness, Monique Harold, executive director of the YMCA where Defendant worked, and his supervisor, testified that when T.K. told her about this incident she did not indicate there was any penetration of her vagina, but only that Defendant had touched her.
{¶ 48} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. Statev. DeHass (1967), 10 Ohio St.2d 230. The State presented evidence that Ms. Harold had violated YMCA policies when she failed to report the incident involving Defendant and T.K. to Children's Services, and she did not document it in Defendant's personnel file. This resulted in Ms. Harold's termination by the YMCA. Further, Ms. Harold and Defendant were friends, and they often spent time together outside of work. Therefore, the jury might reasonably reject Harold's testimony on a finding that she had a motive to lie to protect Defendant. The jury did not lose its way simply because it chose to believe T.K., which it was entitled to do.
{¶ 49} In reviewing this record as a whole we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
{¶ 50} The third assignment of error is overruled.
Fourth assignment of error
{¶ 51} "The Trial Court erred by sentencing defendant to consecutive sentences for three counts of gross sexual imposition occurring at the same time and with the same person."
{¶ 52} Defendant argues that pursuant to R.C. 2941.25, the trial court should have merged the three counts of gross sexual imposition involving another victim, T.M. Defendant claims that these offenses were all part of one continuous act and were not committed separately or with a separate animus as to each offense.
{¶ 53} At the outset we note that Defendant did not object to his sentence or raise the issue of merger in the trial court, resulting in a waiver of that issue on appeal. See State v. Comen (1990),50 Ohio St.3d 206. Furthermore, Defendant's argument lacks merit.
{¶ 54} R.C. 2941.25 provides:
{¶ 55} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
{¶ 56} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
{¶ 57} In Ohio, R.C. 2941.25 is the basis for determining whether cumulative punishments imposed in a single trial for more than one offense arising out of the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291. The statute manifests the General Assembly's intent to permit cumulative punishments for the same conduct in appropriate cases. Id.
{¶ 58} Defendant was convicted and consecutively sentenced on three counts of gross sexual imposition involving T.M. These offenses occurred at the same time and involved the same victim. Because these three offenses are multiple counts of the same statutory offense, they are allied offenses and Defendant may be convicted of all of them only if they were committed separately or with a separate animus as to each.Rance, supra; R.C. 2941.25(B).
{¶ 59} Offenses involving distinct, different sexual activity each constitute a separate crime with a separate animus, and are not allied offenses of similar import, even when they are committed in the course of the same encounter. State v. Nicholas (1993), 66 Ohio St.3d 431. That is the case here. T.M. testified that while they were in the swimming pool together (1) Defendant put his face and mouth on her vagina, (2) Defendant then put T.M.'s hand on his penis and made her move it back and forth, and (3) Defendant next put his hand on T.M.'s vagina. These offenses each involve different, distinct sexual activity with a separate animus as to each. Accordingly, Defendant may be convicted and sentenced for all of them. Id.; R.C. 2941.25(B).
{¶ 60} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.
[1] The mucous membrane structures within formthe "labia minora."