OPINION
{¶ 1} Defendant-Appellant Johnny Garrison appeals from his sentences and sexual predator designation following his convictions for two counts of gross sexual imposition.
 {¶ 2} On September 8, 2002 while in the parking lot of a local grocery store, Garrison sexually assaulted a female shopper who was loading her groceries into her car. Garrison groped the woman's breasts and attempted to kiss her. Garrison also tried to solicit sexual intercourse from her, and he tried to put his hand inside of her pants. Fortunately, other store patrons came to the victim's assistance and called the police.
 {¶ 3} The Greene County Grand Jury indicted Garrison on two counts of gross sexual imposition. Garrison pled guilty as charged, and the court sentenced him to concurrent eighteen-month sentences. The trial court also designated him as a sexual predator. Garrison filed a timely notice of appeal.
 {¶ 4} Garrison's first assignment of error:
 {¶ 5} "The trial court committed plain error in sentencing appellant to two concurrent prison sentences for two counts of gross sexual imposition when the court had determined that these offenses were allied offenses of similar import and made no finding that the two offenses were committed with a separate animus."
 {¶ 6} In his first assignment of error, Garrison argues that the trial court committed reversible error by sentencing him on both charges because those charges were allied offenses of similar import pursuant to R.C. § 2941.25(A), and the trial court did not make a finding that they were committed with a separate animus. That statute states: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. § 2941.25(A). However, "[o]ffenses involving distinct, different sexual activity each constitute a separate crime with a separate animus, and are not allied offenses of similar import, even when they are committed in the course of the same encounter." State v.Grant, Montgomery App. No. 19824, 2003-Ohio-7240, at ¶ 59, citing Statev. Nicholas (1993), 66 Ohio St.3d 431, 613 N.E.2d 225.
 {¶ 7} Here Garrison acknowledges that he failed to object to his sentence or to raise the issue of merger in the trial court, thus waiving all but plain error. See, e.g., Grant, supra, at ¶ 53, citing State v.Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640. Under this standard, reversal is warranted only when the outcome of the proceedings below clearly would have been different absent the error. State v.Lindsey, 87 Ohio St.3d 479, 482, 2000-Ohio-465, https://web2.westlaw.com/find/default.wl?DB=578SerialNum =1999277737FindType=YAP=RS=WLW4.05VR=2.0FN =_topSV=SplitMT=Ohiociting State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804. https://web2.westlaw.com/find /default.wl?DB=578SerialNum=1978106630FindType=YAP=RS =WLW4.05VR=2.0FN=_topSV=SplitMT=Ohio Therefore, we must determine whether the trial court's failure to merge these convictions constituted plain error.
 {¶ 8} Per State v. Nicholas, supra, the relevant test when one course of conduct is involved is whether the multiple crimes each involves a distinct sexual conduct or sexual activity, as these terms are defined by R.C. 2907.01(A) and (B), respectively, to the extent that the offenses charged implicates one or the other of them.
 {¶ 9} Here, the record portrays two distinct acts of sexual misconduct defined by R.C. 2907.01(B): touching the victim's breasts and attempting to touch her pubic region. Therefore, each offense charged constitutes a separate offense of gross sexual imposition, and the crimes do not constitute allied offenses of similar import which must be merged for conviction. Nicholas. Accordingly, Garrison's first assignment of error is overruled.
 {¶ 10} Garrison's second assignment of error:
 {¶ 11} "The trial court improperly classified appellant as a sexual predator."
 {¶ 12} Garrison also insists that the trial court should not have designated him as a sexual predator because the State failed to demonstrate by clear and convincing evidence that he was likely to re-offend in the future as required by R.C. § 2950.01(E). Once again, we disagree.
 {¶ 13} A sexual predator is one who has been convicted of or pled guilty to a sexually-oriented offense and who is likely to engage in the future in one or more sexually-oriented offenses. R.C. § 2950.09(E). Revised Code Section 2950.09(B)(2) sets forth factors for a trial court to consider when determining whether a sexual offender is likely to re-offend. Those factors include: the offender's age; his prior criminal record; the age of the victim; whether there were multiple victims; whether the offender used drugs or alcohol to impair his victim; whether the offender previously served a sentence, and, if it was a sexually oriented offense, whether he participated in a program for sexual offenders; any mental illness or disability; the nature of the sexual acts, including whether it was a part of a pattern of abuse; whether the offender displayed cruelty or made threats; and any additional behavioral characteristics that contribute to his conduct. The trial court has the "discretion to determine what weight, if any, he or she will assign to each [factor]." State v. Thompson, 92 Ohio St.3d 584, 587,2001-Ohio-1288.
 {¶ 14} The State offered evidence from psychologist, Dr. Bobbie Hopes, that Garrison posed a medium to high range risk for recidivism. That opinion was supported by several of the R.C. § 2950.09(B)(2) factors, which the trial court discussed as required by State v.Eppinger, 91 Ohio St.3d 158, 166-67, 2001-Ohio-247, when stating its finding.
 {¶ 15} Garrison had a significant, violent criminal history, including a prior rape conviction. Dr. Hopes testified that his prior conviction for a sexually oriented offense was highly indicative of a likelihood to re-offend in the future. Additionally, Garrison previously served 30 years in prison, but no evidence was offered regarding treatment he may have received while incarcerated. Dr. Hopes explained that the fact that Garrison committed additional offenses while under parole also indicated an increased likelihood of recidivism.
 {¶ 16} Garrison knows that he suffers from mental illness, but he refuses to consistently treat his schizophrenic behavior with medication. Furthermore, he exacerbates his condition by abusing alcohol. Dr. Hopes opined that these behaviors, rather than the mental illness itself, caused Garrison to pose a significantly higher risk of recidivism. Moreover, Garrison is unlikely to improve those behaviors in the future, as he was previously returned to prison for violating the terms of his parole by not taking his medication as prescribed, and he has been hospitalized for the same reason on at least three occasions. Additionally, Garrison has a history of alcohol abuse.
 {¶ 17} Finally, we note that Garrison makes much of the fact that Dr. Hopes gave no opinion regarding whether he should be designated as a sexual predator. However, as the trial court properly stated, this is a designation for the trial court to make, not for a witness. Because the trial court's decision was supported by competent, credible evidence, Garrison's second assignment of error is without merit and will be overruled.
 {¶ 18} Having overruled both of Garrison's assignments of error, the judgment of the trial court will be affirmed.
Brogan, J. and Grady, J., concur.