DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Clifton C. Stevens, appeals from the decision of the Summit County Court of Common Pleas which denied his petition for postconviction relief. We affirm.
 {¶ 2} Between 1988 and 1991 Defendant allegedly placed numerous telephone calls to female victims of varying ages. In those calls, he coerced his victims into performing certain acts by threatening that men hiding outside their homes would gang rape and beat them if the victims did not comply. In November 1993, a jury convicted Defendant of forty-one counts of telephone harassment, abduction, felonious sexual penetration, pandering obscenity involving a minor, and child endangering. This Court affirmed his convictions and the Ohio Supreme Court declined jurisdiction. See State v. Stevens (Dec. 30, 1994), 9th Dist. No. 16582.
 {¶ 3} Defendant filed a second appeal following the entry of a nunc pro tunc order by the trial court which conformed Defendant's sentence to that pronounced in open court. We, again, affirmed the convictions and the accompanying sentence, remanding only for a determination of how much jail time Defendant would be credited with. See State v. Stevens (Aug. 2, 1995), 9th Dist. No. 16998. The Ohio Supreme Court again declined jurisdiction.
 {¶ 4} Defendant then filed his first petition for post-conviction relief in 1996, which the trial court denied. We affirmed, addressing his ineffective assistance of counsel claims but finding that his remaining claims were barred by res judicata. See State v. Stevens (Sept. 10, 1997), 9th Dist. No. 18300. In this first petition, Defendant specifically argued that his convictions for felonious sexual penetration were void because he was not physically present when the victims inserted things into their vaginal cavities and he did not personally insert anything into the victims. Id. at 3-4. This Court immediately rejected this claim, as we had addressed the exact claim made previously by Defendant in his original direct appeal in 1994. Id. at 5; State v. Stevens (Dec. 30, 1994), 9th Dist. No. 16582, at 26-30. Yet again, the Ohio Supreme Court declined jurisdiction.
 {¶ 5} Defendant filed his second petition for post-conviction relief on January 15, 2004, challenging his convictions for felonious sexual penetration, pandering obscenity involving a minor, and child endangering. The trial court denied his petition due to Defendant's failure to comply with R.C. 2953.23 and res judicata. Defendant timely appealed that determination, raising two assignments of error for our review. For ease of discussion, we will address both together.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion, erred to the prejudice of [Defendant] and denied him due process of law, when the trial court failed in its obligation to comply with a recent United States Supreme Court ruling and denied [Defendant's] petition for postconvitction relief based on a procedural violation rather than making a determination of his claims."
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion and denied [Defendant] due process of law, when the trial court denied [Defendant's] petition for postconviction relief, based on an erroneous procedural violation."
 {¶ 6} In his assignments of error, Defendant alleges that the trial court erred by denying his petition for post-conviction relief. Specifically, Defendant asserts that the United States Supreme Court recognized a new retroactive constitutional right under Bunkley v. Florida (2003), 538 U.S. 835,155 L.Ed.2d 1046, and Fiore v. White (2001), 531 U.S. 225, 148 L.Ed.2d 629, requiring the court to apply new interpretation of Ohio law regarding "sexual conduct," as stated in State v. Wells (2001),91 Ohio St.3d 32, to his convictions. Defendant further opines that the new interpretation of "sexual conduct" under Wells
vitiates his convictions for felonious sexual penetration, pandering obscenity involving a minor, and child endangering. We disagree.
 {¶ 7} The trial court may consider a successive petition for post-conviction relief only when:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to * * * the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[; and]
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1).
The United States Supreme Court, in Fiore, held that "the Federal Due Process Clause requires a State to apply a new interpretation of a state criminal statute retroactively to cases on collateral review" where that interpretation is an evolutionary change that would have applied at the time the conviction became final. Fiore, 531 U.S. at 226. Bunkley
further applied the holding in Fiore, remanding to a state court the issue of whether a new legal interpretation applied at the time of a defendant's convictions. Bunkley,538 U.S. at 841.
 {¶ 8} The crux of Defendant's argument is that Wells
recognized that "sexual conduct" is only committed by the sexual joining of two individuals. If such a definition applied at the time his convictions became final, Defendant further contends that his convictions must be improper as he was neither physically present with the victims nor did he physically insert anything into their vaginal cavities. However, even assuming, for the sake of argument alone, that each of Defendant's convictions relied upon proof of "sexual conduct," Defendant's convictions were not improper under the interpretation given by Wells.
 {¶ 9} In Wells, the Ohio Supreme Court differentiated between "sexual conduct" and "sexual contact." See Wells,91 Ohio St.3d at 33-34. "Sexual conduct" requires actual penetration of the anal or vaginal cavity, and does not include the touching of the buttocks unaccompanied by any penetration. Id. at 35. While Wells does recite the definition of intercourse as "the sexual joining of two individuals," it further finds that anal intercourse is "a sexual joining with the anal cavity." Id. at 34. Contrary to Defendant's assertions, the Court did not hold that two individuals were necessary to accomplish "sexual conduct" or "sexual contact." In fact, the Court dropped the "of two individuals" language when defining anal intercourse. Instead, Wells specifically held only that evidence of penetration was required to support a conviction for anal rape. Id. at 35.
 {¶ 10} There is no question that the victims in this case were actually penetrated by various objects, i.e. a pencil, a broom handle, and a spatula. Wells, therefore, has no bearing upon Defendant's convictions. Defendant failed to offer clear and convincing evidence that no fact finder would have found him guilty if the Wells definition related to "sexual conduct" applied at the time of his convictions. Stripped of the alleged application of Wells, Defendant's arguments become challenges to the sufficiency of the evidence on his convictions. Defendant, on direct appeal, raised those exact arguments with regard to felonious sexual penetration, and could have raised them regarding the additional convictions. As such, his arguments are barred by the doctrine of res judicata. See State v. Houser,
9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 21-22. Accordingly, the trial court properly denied Defendant's petition for postconviction relief.
 {¶ 11} We overrule Defendant's assignments of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., Concur.