THE LAKE COUNTY NATIONAL BANK OF PAINESVILLE,
APPELLEE, *v.* KOSYDAR, TAX COMMR., APPELLANT

(No. 73-470—Decided December 26, 1973.)

*Messrs. Blakely & Dean* and *Mr. J. Thomas Dean,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

O'NEILL, C. J.  It is undisputed that the rental of tangible personal property for use in Ohio constitutes a purchase normally subject to the Ohio use tax. R. C. 5741.01 (D). It is likewise undisputed that the computer equipment which was the subject matter of the rental contracts at issue in this case was used within this state in appellee's banking operations. Therefore, the sole question before this court is whether the phrase, "written contract of purchase," used in Section 548(5) (c), Title 12, U. S. Code, encompasses a written rental contract which—absent any federal immunity legislation—would subject purchases (rental payments) to the Ohio use tax.

For the reasons to be given below, we hold that it does, and that the Board of Tax Appeals properly reversed the Tax Commissioner's use tax assessment order against appellee. Since this case involves the interpretation of a federal statute, federal rules of statutory construction are controlling.

A settled principle of statutory construction is that words in a statute are to be given their plain and ordinary meaning, unless it is otherwise clearly indicated. *E. g., Crane* v. *Comm. of Internal Revenue* (1947), 331 U. S. 1; *In re Appropriation for Hwy. Purposes* (1969), 18 Ohio St. 2d 214, 249 N. E. 2d 48.

Reasoning from that principle, appellant argues that the exception in Section 548(5) (c) expressly covers only written contracts of purchase; that the plain and ordinary

definition of the word "purchase" includes only transactions where there is an unconditional transfer of both title and possession; that there is no definition of the word "purchase" in the federal statute; and that, therefore, the plain and ordinary meaning of the word "purchase" must be attributed to that word as used in Section 548(5) (c). Appellant concludes that rental contracts are not excepted by the statute since a rental contract involves the transfer of possession only.

There are at least two methods by which a court may satisfy itself that the meaning of a word used in a statute, other than its plain and ordinary meaning, is clearly indicated. One is by the use of an explicit statutory definition of the word; the other is by ascertaining that an adherence to the plain and ordinary meaning of the word would defeat the legislative purpose in the enactment of the statute. In the latter case, "the strict letter of an act must * * * yield to its evident spirit and purpose * * *." *Fleischmann Construction Co.* v. *United States* (1926), 270 U. S. 349, 360. See, also, *Cochrel* v. *Robinson* (1925), 113 Ohio St. 526, 149 N. E. 871.

The word "purchase," as used in Section 548(5) (c) is not statutorily defined by the federal legislation. Therefore, the first of the two methods, described above, in which a court may deviate from the common meaning of a word used in a statute, is not available in this case. However, a brief review of the recent amendments to Section 548, Title 12, U. S. Code, will demonstrate that it was the intent of Congress, in using the word "purchase" in Section 548(5) (c), to incorporate a variable definition of that word—such variation resulting from the different ways in which the word is defined by the various states in their sales and use tax laws. In any particular case, the word "purchase," as used in the temporary federal statute, should have the same meaning as is attributed to it by the state attempting to impose a sales or use tax upon a national bank.

The various sections of the 1969 amendment to Section 548, Title 12, U. S. Code, can be divided into two major

areas: The permanent amendment[2] and the temporary amendment. The purpose of the permanent amendment was to remove the immunity from state taxation previously granted national banks, thereby allowing states to treat, for tax purposes, such banks as state banks. This permanent amendment, although enacted in 1969, did not become effective until January 1, 1972.

In the interim, another part of the temporary amendment, Section 548(5) (a), allowed states to impose tangible personal property taxes on national banks "in the same manner and to the same extent as such tax is imposed on a bank organized and existing under the laws of such state." Apparently realizing that Section 548(5) (a) could subject national banks to state sales and use taxes for transactions entered into before the banks had notice of a potential abolition of the immunity against such taxes, Congress added Section 548(5) (c) to the temporary amendment. It is this subsection with which this court is concerned.

Since the purpose of Section 548(5) (c) was to extend the immunity from state sales and use taxes, and thereby obviate financial hardships that would arise if the immunity were not extended, there is no reason to believe that Congress meant the extension to apply only to one type of transaction subject to state sales and use taxes but not to another type of transaction equally subject to such taxes. In either case, the national banks—absent an extension of the immunity—would be confronted with the imposition of unexpected taxes. This court believes that Congress did not intend such an illogical result, and that the purpose of Section 548(5) (c) dictates that the use of the word "purchase" therein be defined as having the same meaning as that word has in Ohio sales and use tax statutes, rules,

---

[2]Section 548: "For the purposes of any tax law enacted under the authority of the United States or any state, a national bank shall be treated as a bank organized and existing under the laws of the state or other jurisdiction within which its principal office is located."

regulations and court decisions as to the imposition of such taxes. Therefore, in Ohio, which has included rental contracts as purchases for purposes of the state sales and use taxes, written rental contracts entered into prior to September 1, 1969, must be considered to be purchase contracts covered by Section 548(5) (c), Title 12, U. S. Code. This court holds that all rental payments under such contracts are immune from the Ohio sales and use taxes.

The Board of Tax Appeals correctly interpreted Section 548(5) (c), Title 12, U. S. Code, and its decision is, therefore, affirmed.

*Decision affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.