THE STATE, EX REL. DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, APPELLANT, *v.* KOBLENTZ, GDN. OF KEPES, INCOMPETENT, ET AL., APPELLEES.

(No. 43033—Decided July 23, 1981.)

*Mr. William J. Brown,* attorney general, and *Mr. Alan G. Gelbman,* for appellant.

*Mr. Marvin A. Koblentz,* for appellees.

PARRINO, J. This is an appeal from a judgment rendered in the court of common pleas. The Attorney General, on behalf of the Department of Mental Health and Mental Retardation, appeals the application of the six-year statute of limitations set forth in R.C. 5121.04(E) to the department's claim for charges for the support of Linda R. Kepes, an incompetent. The issue raised in this appeal is whether R.C. 5121.04(E) applies to charges for a patient's support which are not founded upon a prior written agreement for payment of that support.

The Attorney General filed the action

on January 10, 1980, naming as defendants Ms. Kepes and Fred P. Hopp, the administrator of the estate of Alex Frank Kepes. The complaint alleged that Ms. Kepes had been admitted to a state benevolent institution on August 17, 1946, that she had been confined therein continuously from January 1, 1956,[1] through September 30, 1979, and that a balance of $67,465.15 remained due on her account. The complaint also alleged that Ms. Kepes was one of the two legal heirs of Alex Frank Kepes and that Mr. Hopp, administrator of Mr. Kepes' estate, possessed funds belonging to Ms. Kepes. The complaint requested judgment for $67,465.15, plus interest.

On February 22, 1980, the Attorney General filed a motion requesting that the court substitute Marvin A. Koblentz, Ms. Kepes' guardian, as defendant in her stead. Mr. Koblentz answered on March 12, 1980, raising the affirmative defense of the six-year statute of limitations set forth in R.C. 5121.04(E).

The parties thereafter agreed that $33,361.25 represented the charges incurred by Ms. Kepes from January 1, 1956, to January 9, 1974, that $34,103.90 represented the charges incurred thereafter, and that the applicability of R.C. 5121.04(E) comprised the case's single issue. On September 26, 1980, the court entered judgment for $34,103.90 in the Attorney General's favor.

In his timely appeal to this court, the Attorney General assigns one error:

"The trial court erred in applying the six year statute of limitations set forth in Section 5121.04(E), Ohio Revised Code, to bar the enforcement of a portion of the claim for the state institutional care, support and maintenance furnished the defendant-appellee's ward set forth in the complaint in the absence of any agreement made by her or on her behalf to pay for same prior to the commencement of the within action."

This assignment of error is without merit.

R.C. 5121.04(B) provides that a patient is liable for the "full per capita cost" of his support, and it requires that the patient or his estate pay such cost "currently" or that his estate execute an agreement for future payment. R.C. 5121.04(C) permits the department to enter into agreements for future support payments with a patient, and R.C. 5121.10 permits the department to contract for annual support payments with the patient's guardian. R.C. 5121.04(D) requires that the department determine the amount to be charged for a patient's support within ninety days after his admission to an institution under its control and that it notify him immediately. R.C. 5121.04(E) provides:

"All actions to enforce the collection of payments agreed upon or charged by the department shall be commenced within six years after the date of default of an agreement to pay support charges or the date such payment becomes delinquent. If a payment is made pursuant to an agreement which is in default, a new six-year period for actions to enforce the collection of payments under such agreement shall be computed from the date of such payment. For purposes of this division an agreement is in default or a payment is delinquent if a payment is not made within thirty days after it is incurred or a payment, pursuant to an agreement, is not made within thirty days after the date specified for such payment.

---

[1] R.C. 5121.051 provides:

"All outstanding liability of relatives for the support of any patient in a benevolent institution under the control of the department of mental health and mental retardation accrued prior to January 1, 1956, including the liability of the patient himself, is hereby cancelled, provided that this section does not abrogate any written agreements or security arrangement for the payment of support charges entered into between the state and any patient or liable relative prior to such date."

In all actions to enforce the collection of payment for the liability for support, every court of record shall receive into evidence the proof of claim made by the state together with all debts and credits, and it shall be prima-facie evidence of the facts therein contained."

Both parties agree that neither Ms. Kepes nor her guardian entered into an agreement with the department. The Attorney General argues that ambiguity in R.C. 5121.04(E) renders it applicable only to charges founded upon a written agreement and inapplicable in the instant case. However, R.C. 5121.04(E) clearly provides that "[a]ll actions to enforce the collection of payments * * * charged by the department shall be commenced within six years after * * * the date such payment becomes delinquent." R.C. 5121.04(E) further provides that "a payment is delinquent if a payment is not made within thirty days after it is incurred," *i.e.,* within thirty days after support has been provided and liability therefor has arisen by operation of law. See Black's Law Dictionary (5 Ed.), which defines "[i]ncur" as "[t]o have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively [and] [t]o become liable or subject to." See, also, *Lake County National Bank* v. *Kosydar* (1973), 36 Ohio St. 2d 189, 191 [65 O.O.2d 404], which holds that "words in a statute are to be given their plain and ordinary meaning, unless it is otherwise clearly indicated."

Accordingly, we hold that the six-year statute of limitations set forth in R.C. 5121.04(E) applies to all charges for a patient's support, whether or not such charges are founded upon a prior written agreement for payment of that support. We overrule the Attorney General's assignment of error, and we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

JACKSON, C.J., and PRYATEL, J., concur.