DAVIS, Appellee,

v.

**OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellants.**

[Cite as *Davis v. Ohio Bur. of Workers' Comp.* (1996), 110 Ohio App.3d 57.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950150.

Decided March 27, 1996.

---

*O'Connor, Acciani & Levy* and *Eric P. Allen,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Julia A. Collier,* Assistant Attorney General, for appellants.

*Per Curiam.*

Defendants-appellants, the Administrator, Ohio Bureau of Workers' Compensation, and the Industrial Commission of Ohio, appeal the February 1, 1995 order of the trial court granting summary judgment in favor of the plaintiff-appellee, Thomas Jeffrey Davis, on his claim to participate in the workers' compensation fund. The Administrator argues that R.C. 4123.54 bars an award of Ohio workers' compensation benefits to Davis because he resided in Kentucky, was employed in Kentucky, and was insured under Kentucky's workers' compensation law at the time of the injury, and that because other genuine issues of material fact remain as to where Davis entered into his employment contract, summary judgment ought not to have been granted. The assignment of error is not well taken.

The uncontradicted evidence establishes that on February 24, 1990, in Hamilton County, Ohio, Davis sustained a herniated cervical disc as a result of an automobile accident in the course and scope of his employment for Cincinnati Door Sales, a Kentucky corporation with offices in Dayton, Kentucky. His employer also maintained a post office address and telephone listing in Springdale, Ohio. The corporation maintained workers' compensation coverage for Davis in Kentucky, but not in Ohio. The majority of the employer's work was conducted at Ohio job sites, and Davis sustained his injury en route to his employer's Kentucky office after completing an eight-hour work day at an Ohio job site.

Davis had worked for his employer full time as a door repair helper between October 1, 1991 and February 24, 1992. Each day he drove to the employer's Kentucky office and received his assignments, the majority of which were at Ohio job sites. According to Davis's affidavit, at the time of his injury he had worked one hundred thirteen and three-fourths eight-hour days in Ohio.

The Industrial Commission denied his claim. On appeal, however, the court of common pleas granted Davis's motion for summary judgment, holding that he had a right to participate in the Workers' Compensation Fund. In a document purporting to reach separate findings of fact and conclusions of law, the court, without weighing the evidence, explained the reasoning behind its granting of summary judgment. See *Stanton v. Miller* (1990), 66 Ohio App.3d 201, 583 N.E.2d 1080 (Civ.R. 52 expressly states that findings of fact and conclusions of law are unnecessary in the disposition of a motion for summary judgment).

If a work-related injury occurs in Ohio, it is compensable under the Ohio Workers' Compensation Act unless otherwise prohibited by statute. R.C. 4123.54. Here, the Administrator argues that another paragraph of R.C. 4123.54 permits the denial of coverage. R.C. 4123.54 states:

"If an employee is a resident of a state other than this state and is insured under the workers' compensation law or similar laws of a state other than this state, the employee and his dependents are not entitled to receive compensation or benefits under this chapter, on account of injury, disease, or death arising out of or in the course of employment while temporarily within this state and the rights of the employee and his dependents under the laws of the other state are the exclusive remedy against the employer on account of the injury, disease, or death."

The statute does not define "temporarily." Ohio Adm.Code 4121–7–23, captioned "Duties Outside the State," and repealed effective July 1, 1993, provided:

"The industrial commission of Ohio respects extra-territorial right of the workers' compensation insurance coverage of an out of state employer for his regular employees, whose contracts of hire have been consummated in some state other than Ohio, while performing work in the state of Ohio *for a temporary period not to exceed ninety (90) days.* Employees whose contracts of hire are consummated at a job site in Ohio or employees who have been hired to work specifically in Ohio must be protected for workers' compensation insurance under the Ohio fund." (Emphasis added.)

■ We agree with and follow the analysis developed by the Court of Appeals for the Tenth Appellate District that "temporary" ought to be given its ordinary meaning. Therefore, "the determination whether a particular claimant is 'temporarily in Ohio' for purposes of workers' compensation coverage depends on the length of time the claimant has been in this state or is expected to be in this state at the time of the industrial accident." *Fowler v. Paschall Truck Lines, Inc.* (July 27, 1995), Franklin App. No. 94APE11–1654, unreported, 1995 WL 450185.

While this determination might necessitate the factual inquiry alien to summary judgment, here, the Administrator did not contradict Davis's affidavit in which he stated he worked one hundred thirteen and three-fourths eight-hour days in Ohio and thus was not "temporarily in Ohio."

Under Civ.R. 56(C), the party seeking summary judgment has the initial burden to identify those elements of the nonmoving party's case which do not raise genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 801. When the moving party satisfies its burden, the nonmoving party cannot rest on the allegations in the pleadings, but has a "reciprocal burden" to set forth specific facts demonstrating that there is a "triable issue of fact." *Id.* at 115, 526 N.E.2d

at 801; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (following *Celotex Corp. v. Catrett* ).

Accordingly, the trial court properly granted summary judgment in favor of Davis. Absent evidence in the record to contradict his affidavit, he is not barred from benefits pursuant to R.C. 4123.54, because, contrary to the Administrator's argument, Davis was not temporarily in Ohio.

The Administrator next contends that there is no evidence in the record from which to determine where Davis entered into his employment contract. Therefore, it is argued that genuine issues of material fact exist as to Ohio's jurisdiction over Davis's claim absent direct evidence to exclude that he contracted with his employer to be bound by Kentucky's workers' compensation law under the first exception in R.C. 4123.54. In support of the argument, the Administrator relies on *Dotson v. Com Trans, Inc.* (1991), 76 Ohio App.3d 98, 601 N.E.2d 126, which requires an examination by the court of the employment contract at issue to determine if the Ohio workers' compensation system is applicable to the claim. In *Dotson,* however, the employee sustained an injury outside Ohio. Moreover, the court held that an employment contract stating that the laws of Indiana were applicable did not preclude Ohio benefits, when one of the statutory requirements for the validity of the contract had not been met. That holding has no application here, where, *inter alia,* the injury occurred in Ohio.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., HILDEBRANDT and SUNDERMANN, JJ., concur.