[Cite as *Hardy v. Procter & Gamble Co.*, 2011-Ohio-5384.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JAN E. HARDY, | : | APPEAL NO. C-110047<br>TRIAL NO. A-0903820 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| PROCTER & GAMBLE CO., | : | |
| Defendant-Appellee, | : | |
| and | : | |
| ADMINISTRATOR, OHIO BUREAU<br>OF WORKERS' COMPENSATION, | : | |
| | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 21, 2011

*Clements, Mahin, and Cohen L.P.A.* and *John F. Mahin*, for Plaintiff-Appellant,

*Dinsmore & Shohl* and *Joan M. Verchot*, for Defendant-Appellee,

*Mike DeWine*, Attorney General of Ohio, and *Diana K. Bond*, Assistant Attorney General, for Defendant Administrator, Ohio Bureau of Workers' Compensation.

Please note: This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN**, Presiding Judge.

{¶1}    Plaintiff-appellant Jan E. Hardy appeals from the trial court's entry denying her motion for summary judgment and granting summary judgment in favor of defendant-appellee Procter & Gamble Company ("P&G") on her complaint to participate in the workers' compensation fund.

{¶2}    Hardy raises a single assignment of error in which she argues that the trial court erred in denying her motion for summary judgment and granting summary judgment to P&G.  But because Hardy is a resident of Colorado, she is receiving  workers' compensation benefits in Colorado, and she was only temporarily within Ohio at the time of her injury,   R.C. 4123.54(H) precludes Hardy from receiving Ohio workers' compensation benefits.  As a result, we overrule Hardy's sole assignment of error and affirm the trial court's decision granting summary judgment to P&G.

### I. Hardy's Employment with P&G

{¶3}    In November 1999, P&G hired Hardy in Texas.  In 2004, she moved to Colorado where she is currently a resident. Since August 2000, Hardy has been employed full time as a medical science liaison at P&G.  She works with physicians, training them to conduct continuing medical education on products as well as performing consultation requests regarding off-label uses of P&G products. Hardy has been based in Colorado as a full-time employee since 2004.  She was responsible for these job duties in a region, which included Colorado, Utah, Idaho, Montana, and Wyoming.  The majority of her work required travel within these states.

{¶4}    P&G maintains an international workforce and employs individuals across the nation.  P&G asks certain employees, including Hardy, to occasionally visit

2

Ohio for a variety of reasons. Medical science liaisons generally attend one national meeting per year in Cincinnati. Other than this national meeting, P&G generally does not have work in Ohio for its medical science liaisons on a regular basis.

## II. Hardy's Injury and Workers' Compensation Claim

{¶5} On her most recent visit, Hardy arrived in Ohio on April 18, 2006, to attend a class in Cincinnati. The class was an optional benefit designed to provide financial and/or retirement guidance for P&G employees. On April 19, 2006, while Hardy was in P&G's general offices in downtown Cincinnati, she lost her balance walking down stairs on the way to the class, thereby incurring injuries. Following this incident, Hardy filed a workers' compensation claim in Ohio. Hardy is currently receiving Colorado workers' compensation benefits from P&G under its self-insured workers' compensation program.

{¶6} Although Hardy is Colorado based, she has spent a total of 110 days in Ohio over her eight-year career with P&G. Over one-third of her total time spent in Ohio occurred between November 1999 and August 2000. During this time, she was employed as a hospital specialist in sales, her previous position. She then visited Ohio for a total of 71 days between August 2000 and April 2006 after starting her new position as medical science liaison in professional and scientific relations. Soon after starting this position, she visited Ohio for 11 days for orientation and new-hire training. She then visited Ohio for nine additional days in 2000. Hardy's visits to Ohio decreased after the position change and the initial orientation training. Between 2001 and 2005, Hardy averaged fewer than nine days a year in Ohio. Her visits to Ohio ranged from four to 17 days. Prior to her visit in April, Hardy had visited Ohio for business only five additional days in 2006. In administrative proceedings before the bureau of workers' compensation, Hardy testified that the

majority of her days in Ohio on P&G business had occurred prior to 2004. She also testified that she expected to be in Ohio roughly ten-15 days a year.

{¶7} Following the Industrial Commission's denial of her workers' compensation claim, Hardy appealed to the common pleas court. Thereafter, Hardy and P&G filed cross-motions for summary judgment. The trial court granted P&G's motion and denied Hardy's cross-motion.

### III. Hardy was Temporarily in Ohio at the Time of Her Injury

{¶8} In her sole assignment of error, Hardy argues that the trial court erred in denying her motion for summary judgment and granting P&G's motion for summary judgment on her claim for workers' compensation benefits.

{¶9} We review the trial court's entry of summary judgment de novo, using the same standard that the trial court applied. *Koos v. Central Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. Summary judgment is appropriate under Civ.R. 56(C) when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 1994-Ohio-172, 628 N.E.2d 1377.

{¶10} R.C. 4123.54(A) provides that every employee who is injured in the course of and arising out of employment may be entitled to receive compensation for such injury. R.C. 4123.54(H) provides, however, the following exception: "[i]f an employee is a resident of a state other than [Ohio] and is insured under the workers' compensation law or similar laws of a state other than [Ohio], the employee and the

employee's dependents are not entitled to receive compensation or benefits under this chapter, on account of injury, disease, or death arising out of or in the course of employment while temporarily in this state * * *."[1]

{¶11} Thus, compensation in Ohio is precluded under R.C. 4123.54(H) when (1) the employee is a resident of a state other than Ohio; (2) the employee is protected by the workers' compensation laws of a state other than Ohio; and (3) the employee is only temporarily within Ohio. See *Wartman v. Anchor Motor Freight Co.* (1991), 75 Ohio App.3d 177, 181, 598 N.E.2d 1297.

{¶12} In this case, it is undisputed that Hardy is a resident of Colorado and that she is insured under the workers' compensation laws of Colorado. Hardy argues, however, that the statutory exception does not preclude her workers' compensation claim because she was not "temporarily" within Ohio.

{¶13} R.C. 4123.54(H) does not define "temporarily within this state," and the parties dispute how those terms should be defined. Hardy argues that this court should interpret "temporarily within this state" by looking to Ohio Adm. Code 4123-17-23(C).

{¶14} Ohio Adm. Code 4123-17-23(C) provides that "[t]he bureau of workers' compensation respects the extraterritorial rights of the workers' compensation insurance coverage of an out-of-state employer for its regular employees who are residents of a state other than Ohio while performing work in the state of Ohio for a temporary period not to exceed ninety days."

{¶15} The Fifth District Court of Appeals is the only Ohio court to interpret Ohio Adm. Code 4123-17-23(C). In *Villasana v. Admr., Bur. of Workers' Comp.*, 5th

---

[1] This section was formerly numbered 4123.54(B), was renumbered 4123.54(G) and 4123.54(H), and is now numbered 4123.54(H)(3).

Dist. No. 2003 AP 09-0070, 2004-Ohio-2083, the injured worker, Pedro Villasana, a Texas resident, was injured in Ohio in the course and scope of his employment with Utility Pole Technologies, a corporation with its principal place of business in Pennsylvania. Id. at ¶2-5. Villasana was insured under the workers' compensation laws of Texas. Id. at ¶4. Villasana arrived in Ohio to service utility poles on March 26 or March 27, 2002. Id. at ¶5. He had visited Ohio on two previous occasions since January 2002. Id. at fn.1. Villasana sustained injuries on March 27, 2002, when a car struck him during his lunch break. Id. at ¶6. In denying his request to participate in the workers' compensation system, the Fifth District Court of Appeals found he was only temporarily within Ohio. Id. at ¶27.

{¶16} To define "temporarily within this state," the *Villasana* court looked to Ohio Adm. Code 4123-17-23(C). In applying Ohio Adm. Code 4123-17-23(C) to the facts of the case before it, the *Villasana* court primarily looked to the length of the visit during which the injury had occurred. Id. at ¶26-27. The court held that Villasana was temporarily in Ohio because he was injured during a work assignment that only lasted three weeks. The court secondarily reviewed Villasana's previous visits between January 2002 and March 2002. The court found that "even if [it] were to consider all of [Villasana's] visits to Ohio together," he must still be considered 'temporarily in Ohio' because there [wa]s no evidence in the record that the total number of days in which [Villasana] was in Ohio exceeded ninety (90) days." Id. at ¶27.

{¶17} This court has also explored the meaning of "temporarily within this state." In *Davis v. Admr., Bur. of Workers' Comp*, 110 Ohio App.3d 57, 673 N.E.2d 635, which was decided prior to the adoption of current Ohio Adm. Code 4123-17-23(C), this court acknowledged that R.C. 4123.54 did not define "temporarily" and

that Ohio Adm. Code 4123-17-23 had been repealed three years prior to our decision. As a result, we followed a Tenth Appellate District case, which had held that "temporary" should be given its ordinary meaning. Id. at 59. Thus, we adopted the following test: "[t]he determination of whether a particular claimant is 'temporarily in Ohio' for purposes of workers' compensation coverage depends on the length of time the claimant has been in this state or expected to be in this state at the time of the industrial accident."  Id. quoting *Fowler v. Paschall Truck Lines, Inc.* (July 27, 1995), 10th Dist. No. 94APE11-1654.

{¶18}  *Davis* involved a Kentucky resident who, while working for a Kentucky corporation, was injured in Ohio after completing an eight-hour work day at an Ohio job site.  *Davis*, 110 Ohio App.3d at 58.  The injured worker, Thomas Davis, had worked full-time as a door repair helper for his employer less than one year between October 1, 1991, and February 24, 1992.  He also worked in Ohio on the majority of his assignments.  Similarly, the majority of the employer's work was conducted at Ohio job sites.  Of the 147 days of his employment (including days off, weekends and holidays), Davis worked approximately 113 days in Ohio.  Because a majority of Davis's work was performed in Ohio, this court held that Davis was not temporarily in Ohio.  Id. at 58-59.

{¶19}  Hardy argues that because the *Davis* and *Villasana* courts focused on the number of days that the injured workers had cumulatively worked in the state of Ohio prior to their injuries, we must look at the cumulative number of days Hardy had spent in Ohio prior to her industrial injury.  Hardy further argues that because the uncontroverted evidence before the Industrial Commission showed that she had spent a total of 110 days working in Ohio prior to her industrial injury, she cannot be considered "temporarily within the state" for purposes of R.C. 4123.54(H).

7

{¶20} But the difficulty with Hardy's argument, as P&G points out, is that *Villasana* and *Davis* are both distinguishable because they each involved out-of-state employers. P&G is an Ohio employer. Furthermore, Ohio Adm. Code 4123-17-23(C), cannot apply to P&G because it plainly states that it governs state fund rating and reporting requirements that pertain to state-funded-insurance coverage. P&G's workers' compensation program is self-insured. See R.C. 4123.35(B); Ohio Admin. Code 4123-19-01(B). Ohio Adm. Code 4123-17-23 additionally references out-of-state employers. P&G is an instate employer. We have found no cases involving an Ohio employer that cite to the Ohio Adm. Code 4123-17-23 definition of "temporarily within the state."

{¶21} For these reasons, we conclude that Ohio Adm. Code Section 4123-17-23(C)'s definition does not apply in determining whether Hardy was "temporarily within this state." Therefore, we are not bound by the 90-day rule set forth in Ohio Adm. Code Section 4123-17-23(C).

{¶22} Because R.C. 4123.54(H) does not define the terms "temporarily within this state," we must give the words their plain and ordinary meaning. See *Lake County Nat'l Bank v. Kosydar* (1973), 36 Ohio St.2d 189, 191, 305 N.E.2d 799 ("A settled principle of statutory construction is that words in a statute are to be given their plain and ordinary meaning, unless it is otherwise clearly indicated."); see, also, *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 137, 522 N.E.2d 477. "The plain, ordinary, or generally accepted meaning of an undefined statutory term is invariably ascertained by resort to common dictionary definitions." See *Fickle v. Conversion Technologies Internatl. Inc.*, 6th Dist. No. WM-10-016, 2011-Ohio-2960, ¶29. "Additionally, we read undefined words and phrases in context and construe them according to rules of grammar and common usage." See

*Inland Prods., Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, ___ N.E.2d ____, ¶25. "Temporary" is defined in the American Heritage Dictionary (4 Ed. 2000) 1781 as "lasting, used, serving, or enjoyed for a limited time."

{¶23} In determining whether an out-of-state employee was "temporarily in Ohio" for purposes of workers' compensation coverage in this state, we look only at the length of time the employee was expected to be in this state at the time of the industrial injury. In this case, the undisputed evidence reflects that Hardy was in Ohio for a two-day seminar at the time she was injured. Under these circumstances, we cannot conclude that the trial court erred in granting summary judgment to P&G on the basis that Hardy, a Colorado resident who was receiving workers' compensation benefits under Colorado law, was "temporarily within the state" at the time of her injury, and therefore, was precluded from seeking Ohio workers' compensation benefits under R.C. 4123.54(H). We overrule Hardy's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please Note:
    The court has recorded its own entry this date.